CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 29, 2013

LETTER TO COUNSEL:

      RE:    *Gina Morris v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-3729

Dear Counsel:

On December 20, 2012, the Plaintiff, Gina Morris, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 13). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Morris filed her claim for benefits on May 8, 2009, alleging disability beginning on June 18, 2007. (Tr. 170-73). Her claim was denied initially on October 23, 2009, and on reconsideration on September 14, 2010. (Tr. 77-80, 74). A hearing was held on January 3, 2012 before an Administrative Law Judge ("ALJ").[1] (Tr. 36-72). Following the hearing, on January 19, 2012, the ALJ determined that Ms. Morris was not disabled during the relevant time frame. (Tr. 10-25). The Appeals Council denied Ms. Morris's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Morris suffered from the severe impairments of status post arteriovenous malformation ("AVM") and depression. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Morris retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant should avoid pushing and pulling with her right leg and arm, and is limited to all posturals occasionally but no climbing of a ladder, rope or scaffold, and is limited to frequent handling, fingering and feeling with her right hand, with no limitations on her left hand. The claimant is limited to simple unskilled work not at production pace, defined as paid by the piece or on an assembly line, work that

---

[1] Although an earlier hearing was scheduled, the hearing was postponed due to a change in counsel for Ms. Morris. (Tr. 27-35).

>involves low stress, defined as only occasional changes in the work setting and only occasional contact with the general public.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Morris could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 24-25).

Ms. Morris presents two primary arguments on appeal: (1) that the ALJ erroneously considered the opinions of various medical experts in assessing her RFC; and (2) that the ALJ did not address her fatigue. Each argument lacks merit.

Ms. Morris suggests that two of the physicians, Dr. Hakkarinen and Dr. Huang, restricted her ability to stand and walk to two hours or less, such that she would be capable of only sedentary, not light, work. Pl. Mot. 6-7. Even assuming that the ALJ should have found either a sedentary RFC or allowed for a sit-stand option at will, any error in determining an RFC of light work would be harmless. The ALJ's opinion expressly finds Ms. Morris capable of performing not only light jobs, but several sedentary jobs identified by the VE. (Tr. 25). In addition, the VE testified at the hearing that the addition of a sit-stand option at will would not change the available jobs for Ms. Morris, because the cited jobs "are primarily performed in the seated position." (Tr. 70-71). Accordingly, remand is unwarranted.

Ms. Morris further contends that the ALJ failed to properly evaluate the opinion of Dr. Burlingame, a consultative examiner. Pl. Mot. 6. In fact, the ALJ repeatedly discussed the contents of Dr. Burlingame's report, including the conclusions reached. (Tr. 19, 21, 22-23). While an ALJ is required to consider all of the evidence on record, the ALJ need not address each finding by each physician in the written opinion. *See Murphy v. Barnhart,* 417 F. Supp. 2d 965, 970 (N.D. Ill. 2006)*; Brown ex rel. Brown v. Comm'r of Soc. Sec.,* 311 F. Supp. 2d 1151, 1160 (D. Kan. 2004) (both finding that while an ALJ must demonstrate she considered the entire record, she need not discuss every piece of evidence). From the ALJ's opinion, it is evident that the ALJ considered and weighed Dr. Burlingame's report. Moreover, the RFC limitation to simple, unskilled, not production pace, low stress work addresses the memory and concentration issues cited by Ms. Morris.

Ms. Morris also argues that the ALJ failed to assign sufficient weight to the opinion of her treating physician, Dr. Huang. Pl. Mot. 6-7. Dr. Huang opined, in relevant part, that Ms. Morris required three or more hours of rest per day and could not work eight hours per day on a sustained basis. (Tr. 406-07). A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In fact, if a doctor's own notes provide insufficient or contradictory support for the doctor's conclusions, an ALJ may properly assign less than controlling weight. *See Forsyth v. Astrue*, No. CBD-09-2776, 2011 WL 691581, at *4 (D. Md. Feb.18, 2011) (finding the ALJ properly assigned less than controlling weight where, in relevant part, the physician's conclusions were inconsistent with his own medical records); *Cramer v. Astrue*, Civil No. 9:10–1872–SB–BM, 2011 WL 4055406, at *9 (D.S.C. Sept. 12, 2011) (upholding assignment of less

than controlling weight to opinions "that were based in large part on the plaintiff's self-reported symptoms rather than clinical evidence and that were not consistent with the doctor's own treatment notes"); *see generally* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Ms. Morris contends that Dr. Huang had documented the worsening of her symptoms in August, 2011. Pl. Mot. 7. In fact, however, as the ALJ noted, diagnostic imaging tests have showed that the AVM's size has remained stable, and physical therapy notes indicate improvement in her symptoms after August, 2011. (Tr. 22, 401, 426-39). In addition, the ALJ cited the discrepancy between Dr. Huang's opinions and her most recent treatment notes, indicating 4/5 strength in the right extremities, normal muscle tone, and only a slight limp. (Tr. 22, 401). The ALJ therefore cited adequate substantial evidence to support the assessment of Dr. Huang's opinions.

Finally, Ms. Morris contends that the ALJ failed to address her complaints of extreme fatigue. Pl. Mot. 7-8. However, the ALJ noted Ms. Morris's testimony about fatigue, but found her testimony to be partially not credible. (Tr. 20). Specifically, the ALJ noted that (1) Ms. Morris's testimony about the severity of her weakness was not corroborated by objective testing; (2) the fact that Ms. Morris is not taking any medications indicates that her complaints are less than credible; (3) Ms. Morris testified that she only applied for disability benefits under pressure from her insurance company; and (4) despite complaints of disabling depression, Ms. Morris demonstrates only mild symptoms and has never sought mental health treatment. (Tr. 20-21). In light of the ALJ's thorough credibility analysis, her evaluation of Ms. Morris's self-reported fatigue was supported by substantial evidence.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 11) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 13) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge